## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **RONALD E. GILLETTE,** ) | |
| ) | |
| *Petitioner,* ) | |
| ) | |
| **v.** ) | **Civil Action No. 2017-0042** |
| ) | |
| **CALVIN HERBERT, Warden of the Golden** ) | |
| **Grove Adult Correctional Facility,** ) | |
| ) | |
| *Respondent.* ) | |
| _____ ) | |

**Attorneys:**
**Joseph A. DiRuzzo, III, Esq.,**
Fort Lauderdale, FL
    *For Petitioner*

**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For United States Attorney's Office,*
    *Third Party Subpoena Recipient*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Petitioner Ronald Gillette's ("Petitioner") "Appeal of Magistrate Orders and/or Objection to the Report and Recommendation" (Dkt. No. 19), which challenges: (1) Magistrate Judge George W. Cannon, Jr.'s Order (Dkt. No. 14) granting the "Motion to Quash Subpoena *Duces Tecum* Issued by the Superior Court of the Virgin Islands and Served on the United States Attorney's Office" ("Motion to Quash") (Dkt. No. 2); and (2) the Magistrate Judge's Order (Dkt. No. 15) denying Petitioner's "Motion to Appoint Pursuant to the Criminal Justice Act" ("Motion to Appoint") (Dkt. No. 5). Following the appeal of the Magistrate Judge's Orders, Petitioner also filed three Motions to Expedite. (Dkt. No. 31, 33, 43). For the

reasons that follow, the Court will overrule Petitioner's Objections, affirm the Magistrate Judge's Orders, and deny the Motions to Expedite as moot.

## I.      BACKGROUND

Petitioner Ronald Gillette was indicted on two counts of failing to register as a sex offender, in violation of federal law, and twenty-eight sex-offense related counts, in violation of Virgin Islands law. After the presentation of the Government's case at trial in the District Court, the Court dismissed the federal charges. At the conclusion of the bench trial, Petitioner was convicted of multiple counts of aggravated rape and unlawful sexual contact in violation of Virgin Islands law and was sentenced to prison. He timely appealed his conviction and sentence, and the Third Circuit affirmed. *United States v. Gillette*, 738 F.3d 63, 67 (3d Cir. 2013), *cert. denied sub nom Gillette v. United States*, 572 U.S. 1157 (2014). The case was prosecuted by the United States Attorney's Office for the District of the Virgin Islands ("U.S. Attorney's Office").

On November 10, 2014, Petitioner initiated a habeas corpus action in the Superior Court of the Virgin Islands, Division of St. Croix (Case No. SX-14-cv-439). (Dkt. No. 8-1, Superior Court Complaint, *sub nom Gillette v. Prosper*). During the course of the Superior Court action, Petitioner sought and obtained from the court a subpoena *duces tecum* directed to the U.S. Attorney's Office. (Dkt. No. 8-3 at 2). Petitioner sought, in part, "[a] copy of the USVI Department of Justice's file (both hardcopy and electronic) regarding [Petitioner]." (Dkt. No. 8-2 at 5). The U.S. Attorney's Office requested that Petitioner comply with the Department of Justice regulations adopted pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("*Touhy* regulations"). However, Petitioner contended that the *Touhy* regulations were inapplicable to the habeas corpus proceeding. Petitioner then moved for sanctions against the U.S. Attorney's Office for failing to comply with the subpoena *duces tecum*. On July 31, 2017, the U.S. Attorney's Office

removed the issue of the subpoena *duces tecum* and the sanctions to this Court pursuant to 28 U.S.C. § 1442(a)(1). (Dkt. No. 1). The U.S. Attorney's Office then filed the Motion to Quash (Dkt. No. 2), which Petitioner opposed. (Dkt. No. 8). Petitioner also filed a Motion to Appoint Counsel under 18 U.S.C. § 3006A(a)(2)(A). (Dkt. No. 5).

On February 6, 2018, the Magistrate Judge issued an Order granting the Motion to Quash. (Dkt. No. 14). The Magistrate Judge determined that the U.S. Attorney's Office, as a third-party to the Superior Court habeas corpus proceeding, was subject to the Department of Justice ("DOJ") *Touhy* regulations restricting employees from producing materials without approval of the appropriate DOJ official under 28 C.F.R. § 16.22. *Id.* at 3. In so finding, the Magistrate Judge determined that "the facts in this case [are] substantially similar to the facts in *Aiken v. Eady*[, 2016 WL 452135, at *1 (D.N.J. Feb. 4, 2016).]" *Id.* at 5. In a separate Order, the Magistrate Judge found that "the interests of justice do not require counsel to be appointed for Petitioner in this matter," and denied Petitioner's Motion to Appoint. (Dkt. No. 15).

Petitioner filed the instant Appeal/Objection, challenging both the Order granting the U.S. Attorney's Office's Motion to Quash and the Order denying Petitioner's Motion to Appoint. (Dkt. No. 19).[1] Petitioner argues that the Court must treat the Magistrate Judge's Order granting the Motion to Quash as a Report and Recommendation because the Motion to Quash is a dispositive Motion. *Id.* at 4. Petitioner challenges the Order by stating that the *Touhy* regulations are not applicable because the U.S. Attorney's Office "was a party to the original legal proceeding." *Id.* at 9. Petitioner further argues that the application of *Touhy* to this case violates the Separation of

---

[1] Petitioner also appealed the Magistrate Judge's ruling to the Third Circuit Court of Appeals (Dkt. No. 16-17, 19), which was docketed there as Case Number 18-1288. The Third Circuit dismissed the appeal as premature because the District Court had not yet reviewed the Magistrate Judge's Orders. (Dkt. No. 42-1).

Powers Doctrine because "[t]he right of a governmental agency to withhold information and testimony from judicial proceedings is a controversial matter that is far from settled." *Id.* at 10 (quoting *Davis Enters. v. EPA*, 877 F.2d 1181, 1188-89 (3d Cir. 1989) (Weis, J., dissenting)). According to Petitioner, the *Touhy* regulations also violate the procedural requirements of the Regulatory Flexibility Act ("RFA"), Executive Order 12291, and the Administrative Procedure Act ("APA"). *Id.* at 10-11. Finally, Petitioner argues that the Magistrate Judge's reliance on *Aiken v. Eady*, is "misplaced" because *Aiken* is a "pure civil" case rather than a "hybrid civil case," and the federal government is "the real party in interest where Gillette is seeking to collaterally attack his federal sentence secured by the federal government." *Id.* at 17-18. Petitioner asks the Court to reverse the Magistrate Judge's Order granting the Motion to Quash.

Petitioner also argues that his Motion to Appoint should be granted because his ability to present a habeas corpus petition is limited due to "his on-going mental health issues." *Id.* at 18. Petitioner requests that counsel be appointed pursuant to the CJA because he is indigent, and the legal issues are complex and will require "detailed" research. *Id*. at 19. Petitioner also notes that "the Third Circuit has appointed the undersigned [counsel] before in a habeas corpus appeal." *Id.* (citing *Gillette v. Territory of the Virgin Islands*, 563 F. App'x 191 (3d Cir. 2014)).

The U.S. Attorney's Office did not file a Response to Petitioner's Objection.

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     Review of Magistrate Judge's Order

Upon an appeal from a ruling of a magistrate judge on a pretrial non-dispositive matter, a district court shall "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Farmers & Merchants Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997) ("A magistrate judge's

decision in a non-dispositive discovery dispute will be set aside only if it is clearly erroneous or contrary to law."). Motions to quash and motions to appoint counsel are non-dispositive matters that are reviewed under a clearly erroneous or contrary to law standard. *See CDK Global, LLC v. Tulley Automotive Group, Inc.*, 2016 WL 1718100, at *8 (D.N.J. Apr. 29, 2016) (motion to quash subpoenas issued to non-parties); *Galloway v. Islands Mech. Contractor, Inc.*, 2013 WL 163985, at *3 (D.V.I. Jan. 14, 2013) (motion to quash); *Ballard v. Williams*, 2015 WL 179071, at *5 (M.D. Pa. Jan. 14, 2015) (motion to appoint counsel).

A finding is "clearly erroneous" when "the [reviewing] court has 'the definite and firm conviction that a mistake has been committed.'" *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992), as amended (Sept. 17, 1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Beccerril v. Spartan Concrete Products, LLC*, 798 F. App'x 719, 721 n.4 (3d Cir. 2020). The magistrate judge has committed clear error where a factual finding "is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Ramsay v. Nat'l Board of Medical Examiners*, 968 F.3d 251, 261 (3d Cir. 2020). "[A] Magistrate Judge's ruling is contrary to law if 'the Magistrate Judge misinterpreted or misapplied the applicable law.'" *Sunshine Shopping Center, Inc. v. LG Electronics Panama, S.A.*, 2018 WL 4558982, at *3 (D.V.I. Sept. 21, 2018) (citing *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). "The party who filed the appeal bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law." *Control Screening, LLC v. Integrated Trade Sys., Inc.*, 2011 WL 3417147, at *6 (D.N.J. Aug. 3, 2011). The magistrate judge's decisions on non-dispositive matters are accorded wide discretion. *National Labor Relations Board v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992).

**B.      Subpoena Issues**

Federal agencies or officers may remove subpoena proceedings from state court to federal court pursuant to 28 U.S.C. § 1442(a)(1): "A civil action or criminal prosecution that is commenced in a State court and that is against or directed to [the United States or any agency thereof] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." Further, § 1442(d)(1) specifically defines "'civil action' and 'criminal prosecution' to include any proceeding where a "subpoena for testimony or documents, is sought or issued." *See In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 466 (3d Cir. 2015), *as amended* (June 16, 2015) (motions filed in state court seeking to disqualify Federal Community Defender from representing clients in state post-conviction proceedings subject to removal); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994) (state court subpoena issued to Department of Justice removable). A federal court may quash a state court subpoena where the federal government refuses to waive its sovereign immunity. *See In re Elko Cnty. Grand Jury*, 109 F.3d 554 (9th Cir. 1997) (quashing state subpoena issued to national parks employee); *Pleasant Gardens Realty Corp. v. H. Kohnstamm & Co.*, 2009 WL 2982632, at *6-7 (D.N.J. Sept. 10, 2009) (state subpoena directed at former employees of Environmental Protection Agency quashed).

## III.      DISCUSSION

**A.      Motion to Quash**

The Court will first address the issue whether the subpoena *duces tecum* issued to the U.S. Attorney's Office by the Superior Court should be quashed. The Magistrate Judge granted the Motion to Quash the subpoena *duces tecum* finding that the U.S. Attorney's Office was a non-

party in the Superior Court action and, accordingly, the *Touhy* regulations apply. (Dkt. No. 14 at 4-5).

Petitioner argues that the Court must treat the Magistrate Judge's Order regarding the Motion to Quash as a Report and Recommendation and review its findings *de novo* because the Motion to Quash is a dispositive motion. (Dkt. No. 19 at 4). However, a motion to quash involves an issue of discovery, which is an area entrusted to the Magistrate Judge's broad discretion and reviewed for clear error. *See CDK Global,* LLC, 2016 WL 1718100, at *8 (discretion of Magistrate Judge extends to whether to quash non-party subpoenas). Petitioner has not established that the Order at issue is clearly erroneous or contrary to law.

In the underlying Superior Court case, the U.S. Attorney's Office requested that Petitioner comply with the *Touhy* regulations and declined to respond to the subpoena *duces tecum* without such compliance. Relying on *Aiken v. Eady*, the Magistrate Judge found that the U.S. Attorney's office was a non-party to the Superior Court habeas corpus proceedings and therefore the *Touhy* regulations apply to this case.

It is well-settled that when the United States or a federal agency is not a party to an action "a federal employee may not be compelled to obey a subpoena contrary to the agency's instructions under valid agency regulations." *Davis Enters*, 877 F.2d at 1186 (citing *Swett v. Schenk*, 792 F.2d 1447 (9th Cir. 1986) and *Giza v. Dept. of Health Education & Welfare,* 628 F.2d 748 (1st Cir.1980)); *see also Edwards*, 43 F.3d at 316-17; *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989). Pursuant to 5 U.S.C. § 301, Congress allowed federal agencies to establish these types of regulations. *See* 5 U.S.C. § 301 ("The head of an Executive department . . . may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and

property."); *see also Truex v. Allstate Ins. Co.*, 233 F.R.D. 188, 190 (D.D.C. 2006) (upholding FEMA's *Touhy* regulations).

The Supreme Court in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) upheld the validity of regulations governing the circumstances under which federal agency employees could testify in response to a state subpoena, and determined that agency employees could not be held in contempt in state court for their refusal to respond to a subpoena upon the instruction of a superior. *Id*. at 467-68. *Touhy* regulations are permitted in order to "conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business." *Boron Oil Co.*, 873 F.2d at 70; *see SEPTA v. Orrstown Fin. Servs., Inc.*, 367 F. Supp. 3d 267, 280-81 (M.D. Pa. 2019) (same).

Petitioner argues that, because the U.S. Attorney's Office was a party in the "original legal proceeding," the standards in *Alexander v. F.B.I.*, 186 F.R.D. 66 (D.D.C. 1998) apply. (Dkt. No. 19 at 9). Similarly, Petitioner relies on *Alexander* to claim that the U.S. Attorney's Office is the real party in interest to the habeas corpus proceeding. (Dkt. No. 19 at 18). Petitioner's reliance on *Alexander v. F.B.I.* is misplaced.

First, the "original legal proceedings" referenced in *Alexander* were the proceedings from which the subpoena was issued. Petitioner mistakenly attempts to link this language to the criminal proceeding in which he was convicted, and which underlies his *current* habeas action. *Id.* at 9. Further, while he attempts to distinguish between "pure" civil cases and "hybrid" civil cases, *id.* at 17, Petitioner cites no legal authority to support the proposition that the U.S. Attorney's Office's role in prosecuting Petitioner precludes it from relying on *Touhy* regulations. *Cf. United States v. Williams*, 170 F.3d 431, 434 (4th Cir.1999) (FBI's assistance with a state criminal investigation did not abrogate the requirements of *Touhy* regulations, rejecting the argument that "because the

FBI was assisting state authorities in their investigation of the state crimes . . . the FBI should not be allowed to require compliance with the [*Touhy*] regulations.")

Moreover, in *Alexander*, the plaintiff named entities of the executive branch of the federal government—specifically the  Federal Bureau of Investigation ("FBI"), Executive Office of the President, and federal government employees—as defendants in the original proceeding. *Alexander*, 186 F.R.D. at 67. In the federal court action, the United States then *voluntarily* substituted itself for certain named defendants. *Id.* The complaint alleged that the FBI violated plaintiffs' privacy rights when agents "improperly handed over to the White House hundreds of FBI files of former political appointees and government employees." *Id.* In that context, the district court found that "the United States voluntarily substituted itself for [certain named] defendants . . . . In such an instance, neither [5 U.S.C. § 301]  nor the *Touhy* decision authorizes a federal agency to withhold documents or testimony from a federal court." *Id.* at 71 (citations omitted). In contrast to the circumstances in *Alexander*, the U.S. Attorney's Office in the instant case is not a party to the Superior Court proceeding. It therefore has legal grounds as a third-party to the proceeding to require Petitioner to comply with the *Touhy* regulations.

Thus, the Magistrate Judge did not err in relying upon *Aiken v. Eady*. In that case, the plaintiff brought an action against private and state entities, with no federal defendants. *Aiken*, 2016 WL 452135, at *1. The plaintiff served a subpoena on the United States Attorney's Office for the District of New Jersey seeking the government's entire investigative and prosecutorial file. *Id.* at *3. The plaintiff refused to comply with the Department of Justice *Touhy* regulations and the government filed a motion to quash the subpoena. *Id.* at *5. Relying on *Touhy*, the court ruled in favor of the U.S. Attorney's Office, upholding the right of that Office to require compliance with

DOJ regulations in order to obtain materials sought pursuant to a subpoena, where the U.S. Attorney's Office was not a party to the original proceeding. *Id.*

Here, Petitioner filed for habeas relief in the Superior Court against the Warden of the Golden Grove Adult Correctional Facility. Petitioner brought an action against a Territorial actor and served a subpoena on the United States Attorney's Office, seeking the federal government's entire investigative and prosecutorial file relating to the charges for which he was convicted. The Magistrate Judge found, as in *Aiken*, that the U.S. Attorney's Office is a third-party to the habeas corpus proceeding and therefore *Touhy* is applicable to the subpoena *duces tecum*. Thus, the Magistrate Judge did not err in his reliance on *Aiken v. Eady.*

Pursuant to 5 U.S.C. § 301, the head of the DOJ "may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." DOJ's regulations require prior approval by the proper DOJ official, and prevents employees from producing material relating to their official duties without such approval. 28 C.F.R. § 16.22(a). In order for a DOJ employee to produce such material, the requesting party must submit a written statement setting forth a summary of the information sought and its relevance to the proceeding. 28 C.F.R. § 16.22(c), (d).

Petitioner does not dispute that the U.S. Attorney's Office is within the DOJ and thus subject to these regulations, but refused to comply with the regulations, asserting that they were inapplicable to a habeas case. However, the Supreme Court in *Touhy* specifically endorsed DOJ's administrative regulations as applied to an FBI agent subpoenaed *in a habeas case before a state court* in Illinois. 340 U.S. at 468. ("[W]hen one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure

10

in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas *duces tecum* will be obeyed or challenged is obvious."). Moreover, while Petitioner herein claims that the U.S. Attorney's Office is the "real party in interest" to the habeas proceeding because federal prosecutors tried the underlying criminal action, he provides no support for such a proposition. Indeed, the fact that the U.S. Attorney's Office prosecuted the underlying criminal action does not convert the prosecuting entity into a party to the habeas case. Thus, the Court concludes that the Magistrate Judge's finding that the *Touhy* regulations apply to the information sought from the U.S. Attorney's Office pursuant to the subpoena *duces tecum* is not clearly erroneous or contrary to law.

Petitioner also argues that the application of *Touhy* regulations to this case violates the Separation of Powers Doctrine. According to Petitioner, the *Touhy* regulations also violate the procedural requirements of the RFA, Executive Order 12291, and the APA. *Id.* at 10-11. Because the Magistrate Judge's R&R does not specifically address these arguments, this Court's review is *de novo.*

First, there is no separation of powers issue implicated here. Contrary to Petitioner's assertion that the executive branch, through the U.S. Attorney's Office, is "determin[ing] what evidence must be produced" (Dkt. No. 19 at 9-10), that responsibility lies ultimately with—and will be exercised by—the Court. Congress has granted the power to executive agency department heads to promulgate the regulations; many Executive agencies have exercised that power and enacted regulations, which they are empowered to enforce; and the Judicial branch has interpreted the law through the *Touhy* line of cases. *See* 5 U.S.C. § 301; 28 C.F.R. § 16.22 (DOJ regulations); *Touhy*, 340 U.S. at 468. Moreover, *Touhy* essentially fosters the separation of powers by requiring parties to exhaust administrative remedies with the non-party agency—thus preventing courts from

unduly intruding on executive agency operations—subject to the court's subsequent review of whether agency information withheld is protected by a recognized privilege. *See Bancorp v. F.D.I.C.*, 1999 WL 1332312, at *2-3 (D.N.J. Nov. 10, 1999) (citing *In re Boeh,* 25 F.3d 761, 764 (9th Cir. 1994)). Thus, the Court finds Petitioner's separation of powers argument inapt.

Further, Petitioner's reliance on the RFA is misguided. The Regulatory Flexibility Act is a requirement of agencies to analyze the economic impact of their regulations on small businesses, organizations, and entities to prevent the imposition of a regulatory burden on smaller businesses. Regulatory Flexibility Act of 1980, Pub. L. No. 96-354, codified at 5 U.S.C. §§ 601-612, Congressional Findings and Declaration of Purpose ("It is the purpose of this Act [enacting this chapter] to establish as a principle of regulatory issuance that agencies shall endeavor, consistent with the objectives of the rule and of applicable statutes, to fit regulatory and informational requirements to the scale of the businesses, organizations, and governmental jurisdictions subject to regulation."). Pub. L. 96-354, § 2(b). The requirements of the RFA pertain to the regulation of certain small entities and do not implicate the *Touhy* regulations in these circumstances—an individual inmate's habeas proceeding in state court. *See* 5 U.S.C. § 601 (definition of "small entity" limited to "small businesses, small organizations and small governmental jurisdictions").

Similarly, Petitioner's reliance on Executive Order 12291, 46 Fed. Reg. 13193 (Feb. 19, 1981), carries no weight. The Executive Order ("EO") was designed to reduce the burdens of existing and future regulations by creating a panel to review and determine whether regulations were unnecessarily burdensome. 42 Fed. Reg. 13193, § 1(a). However, the EO expressly excludes regulations relating to, *inter alia*, "agency organization, management, [and] personnel." *Id.* at §1(a)(3). In addition, the EO pertains only to "major rules," which are limited to regulations that would have an "annual effect on the economy of $100 million or more" or would likely result in

"[a] major increase in costs or prices for consumers, individual industries [or] Federal, State, or local government agencies . . . ." *Id.* at § 1(b)(1)-(2). Petitioner fails to establish how the DOJ's *Touhy* regulations constitute a "major rule" or how the regulations escape the exclusion in the EO for regulations relating to "agency organization, management, [and] personnel."[2] In short, Petitioner cites no legal authority and provides no analysis to support his underlying premise that the *Touhy* regulations fall within the scope of the identified EO. *Id.* at 6-7.[3]

Finally, Petitioner's invocation of the APA is misplaced. Petitioner's opposition appears to challenge the initial rule-making process of DOJ's *Touhy* regulations—some form of which has been in effect since before the 1951 *Touhy* decision, and the "current" version of which has been in existence in some form since at least December 1980. *See* 28 C.F.R. § 16, 45 Fed. Regis. 83208-83213. Petitioner's argument is premised on the assumption that the APA's rule-making process applies to *Touhy* regulations. However, the APA's rulemaking statute, 5 U.S.C. § 553, contains an exception for regulations "relating to agency management or personnel or to public property . . . ." 5 U.S.C. § 553(a)(2). Likewise, the notice and hearings relating to agency rulemaking do not apply to "rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(3)(A). *Touhy* regulations and the like are recognized as *internal* controls regulating agency personnel and operations, including the allocation of decisions relating to the disclosure of agency information to specified persons within the agency. Such regulations are exempt from the rulemaking process

---

[2] Indeed, the *Touhy* regulations were adopted under the "housekeeping" statute, 5 U.S.C. § 301, which specifically permits the head of an Executive department to prescribe regulations for the "conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301.

[3] The Court also notes that the EO specifically provides that it "is not intended to create any right or benefit, substantive or procedural, *enforceable at law by a party against the United States, its officers or any person.*" 46 Fed. Reg. 13198 at § 9 (emphasis added).

specified in § 553 of the APA. *See Liptak v. County*, 2016 WL 5662082, at *10-11 (D. Minn. Aug. 24, 2016) (finding DHHS *Touhy* regulation exempt under the APA rule-making provision); *see also United States v. Manafort*, 312 F. Supp. 3d 60, 75 (D.D.C. 2018) (Special Counsel regulations do not create any substantive or procedural rights and are simply "matters of agency management or personnel" and "agency organization, procedure, or practice" exempt from APA rulemaking); *James V. Hurson Associates, Inc. v. Glickman*, 229 F.3d 277, 280-81 (D.C. Cir. 2000) (USDA regulation eliminating face-to-face review of commercial food product labels to secure quicker approvals was a housekeeping regulation exempt from rulemaking provisions of APA as a "rule[] of agency organization, procedure, or practice")

For all of the foregoing reasons, the Court will affirm the Magistrate Judge's Order granting the Motion to Quash filed by the U.S. Attorney's Office. Further, because the subpoena was properly quashed, Petitioner's Motion for Contempt Sanctions (Dkt. No.1-4), originally filed in the Superior Court, will be denied.

### B.    Motion to Appoint

Petitioner also appeals the Magistrate Judge's Order denying his motion to appoint counsel. He argues that his Motion to Appoint should be granted because his ability to present a habeas corpus petition is limited due to "his on-going mental health issues." (Dkt. No. 19 at 18). Petitioner also notes that "the Third Circuit has appointed the undersigned [counsel] before in a habeas appeal." *Id.* at 19 (citing *Gillette v. Territory of the Virgin Islands*, 563 F. App'x 191 (3d Cir. 2014)).

The Motion to Appoint is brought pursuant to the CJA, 18 U.S.C. § 3006A(c), which concerns the appointment of counsel in federal criminal proceedings, including any appeals. *Id.* (quoting 18 U.S.C. § 3006A(c)). This case involves a request for habeas relief before the Superior

Court. It is before this Court only to resolve a motion by the U.S. Attorney's Office to quash a subpoena issued to it. Under the circumstances here, the Court finds that the Magistrate Judge did not clearly err or commit an error of law in finding that "the interests of justice [do] not require counsel to be appointed for Petitioner in this matter." (Dkt. No. 15). Accordingly, the Court affirms the Magistrate Judge's Order denying Petitioner's Motion to Appoint.

## IV.   CONCLUSION

Because the Court finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law in concluding that the *Touhy* regulations apply to the subpoena *duces tecum* issued to the U.S. Attorney's Office, the Court will affirm the ruling granting the Motion to Quash filed by the U.S. Attorney's Office, as modified herein to include the Court's *de novo* review of the issues not addressed in the Magistrate Judge's Opinion. In light of the Court's ruling in this regard, the Court will deny Petitioner's Motion for Contempt Sanctions. Further, because the Court finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law as it relates to Petitioner's request for appointment of counsel, the Court will affirm the Magistrate Judge's Order denying Petitioner's Motion to Appoint. Finally, the Court will deny as moot Petitioner's three Motions to Expedite. (Dkt. No. 31, 33, 43).

An appropriate Order accompanies this Memorandum Opinion.

Date:   September 16, 2020                    _____/s/_____
                                             WILMA A. LEWIS
                                             Chief Judge

15